IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In Re: Melinda Barber ) | Bankruptcy Case No. | |
| ) | 18-81582-CRJ-13 | |
| PLAINTIFF ) | | |
| ) | Adversary Proceeding No | |
| v. ) | 18-80093-CRJ | |
| ) | | |
| C&G Rental Properties I, LLC ) | | |
| DEFENDANT ) | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE TO PLAINTIFF'S APPLICATION FOR ATTORNEY FEES**

C&G Rental Properties violated the automatic stay. Counsel for C&G filed a lawsuit post-petition and **after** their counsel filed multiple pleadings on behalf of C&G in the Debtor's case. They **intended** to file the lawsuit. Counsel for the Plaintiff is comfortable with the fee application filed with this Court and the law previously cited to support it. Further, Debtor's counsel is comfortable with any award of fees, if any, that the Court may choose to make in this case. This response is intentionally abbreviated to avoid further time, expense, and burden to the Court.

1. In the Joint Stipulation of Undisputed and Disputed Issues filed by Defendant's counsel on January 30th, 2019, **without** Debtor's counsel's final approval, the following facts are undisputed:

    A. The Debtor, Melinda Barber, filed her Chapter 13 Bankruptcy Case on May 29, 2018.

    B. The Debtor filed her Chapter 13 Plan and Schedules on June 12, 2018, which listed C & G Rental Properties I, LLC as a secured creditor for the property located at 115 Grant Dr., Harvest, AL 35749.

    C. C & G Rental Properties I, LLC had actual and constructive notice of the Debtor's bankruptcy filing.

    D. A Complaint alleging breach of contract and for ejectment was filed with the Circuit Court for Madison County, Alabama by counsel for C&G on September 12, 2018, bearing Case Number CV 2018-901740, and entitled <u>C & G Rental Properties, LLC v. Melinda Folston</u> <u>Barber</u>. The Complaint states: "**Plaintiff demands judgment against the Defendant for all monies due and owing to the Plaintiff pursuant the terms and provisions of the said Sales Contract; to award attorney's fees to the Plaintiff pursuant to the said Sales Contract and to enter an Order removing the Defendant from the residence and real property located at 115 Grant Drive, Harvest, Madison County, Alabama and to grant such other further and different relief that the Plaintiff may be entitled to receive.**"

E. The Adversary Proceeding was filed on September 20, 2018. The Summons was issued on September 21, 2018. The Order Scheduling Status Conference was entered on September 24, 2018. C & G Rental Properties I, LLC filed their Motion to Dismiss civil suit 47-CV-2018-901740 on September 24, 2018.

F. Counsel for C&G filed a Motion to Dismiss the Complaint in the Madison County Circuit Court on September 24, 2018, and an Order Dismissing Case was entered by Judge Dennis E. O'Dell on that same date.

G. The Complaint filed in the Madison County Circuit Court was served on the Defendant, Melinda Folston Barber, on September 27, 2018.

In sum, the creditor **intended** to file the lawsuit. That is to say they "intended the act" – therefore it was willful. Clearly, 11 U.S.C. §362(K)(1) applies. The Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section **shall** recover actual damages, including costs and attorney's fees and, in appropriate circumstances, may recover punitive damages." Courts have held that a "willful violation" of the automatic stay occurs when a creditor acts **intentionally** with **knowledge of the automatic stay** or **knowledge of the bankruptcy in general**. **In the instant case, counsel for the Defendant admits actual and constructive knowledge of the bankruptcy. The defense of "mistake" does not relieve a willful violator of the consequences of the act.**

2. The Defendant willfully violated the Stay. This, after actual and constructive notice, and filing multiple pleadings in the debtor's bankruptcy. Further, counsel for the Defendant has prolonged the present adversary proceeding by refusing a reasonable settlement offer(s) and refusing to comply with discovery requests until **compelled** to do so by this honorable Court. C&G's continuing intransigence has increased expense for both itself and the Plaintiff.

Under §362(k)(1), it is mandatory that courts award actual damages and attorney's fees if a creditor willfully violates the automatic stay. The court has discretion however, in awarding punitive damages for a creditor's violation of the stay. Most jurisdictions hold that a creditor willfully violates the stay if the creditor (1) had knowledge of the debtor's bankruptcy petition, and (2) intended to perform the act. Specific intent that the creditor's actions would violate the stay is not required. Also, the debtor does not have to prove that the creditor acted in bad faith or with malice.

In 1984, Congress enacted §362(k)(1) simply to replace the contempt of court method with a statutory method. As such, it only makes sense that Congress's purpose for enacting §362(k)(1), the statutory replacement to the contempt of court method, was for the fee shifting methods that courts used to carry on. Therefore, given the historical context surrounding the passage of §362(k)(1), one can infer that Congress intended §362(k)(1) to allow a debtor to recover attorney's fees for the damages proceeding. In this way, the debtor would be made whole again. After courts consistently interpreted §362(k)(1) as a fee-shifting statute for almost twenty years, Congress declined to amend the statute.

A cash-strapped debtor should not have to face this difficult decision when considering whether to vindicate the rights that Congress provides under the automatic stay. Instead, if

creditors willfully violate the stay, courts should hold creditors liable for the attorneys' fees that a debtor incurs for the damages proceeding.

It is clear that Congress intended bankruptcy courts to read §362(k)(1) as a full fee-shifting statute. The purpose of §362(k)(1) and the automatic stay are clear. Congress intended that the automatic stay serve as one of the most fundamental protections in the bankruptcy process. Moreover, Congress passed §362(k)(1) to ensure that creditors pay damages for a willful violation of the automatic stay. To further the purpose of §362(k)(1), courts must hold a willful stay violator responsible for the attorneys' fees that a debtor incurs in seeking damages.

The 11th Circuit in its recent decision in *In re Horne*, 876 F.3d 1076 (11th Cir. 2017), broadened the scope of attorney's fees that are recoverable pursuant to section 362(k) of the Bankruptcy Code. In doing so, the Eleventh Circuit adopted the Ninth Circuit's interpretation of fee awards under section 362(k) in *In re Schwartz-Tallard*, 803 F.3d 1095 (9th Cir. 2015).

The Eleventh Circuit's decision highlights the need for attorneys representing both debtors and **creditors** to be aware of the broad application of section 362(k)(1), and the possibility that violations of the "automatic stay" **may result in awards of substantial attorney's fees for responding to, and stopping, any stay violation of the "automatic stay" and, additionally, for related proceedings such as <u>appeals</u>.**

The Eleventh Circuit, relying on the Ninth Circuit decision in In re Schwartz-Tallard, 803 F.3d 1095 (9th Cir. 2015), held that the "American Rule" applies only in the absence of explicit statutory authority to shift fees. The Eleventh Circuit held that section 362(k)(1) specifically shifted fees to the party that violates the stay, reasoning that "nothing in [section 362(k)(1)] suggests that Congress intended to cleave litigation-related fees into two categories, one recoverable by the debtor and one not." *Id*. At 1081. Instead, the Eleventh Circuit held the phrase "including costs and attorney's fees" in section 362(k)(1) contains no limitation on the remedy for which the fees were incurred.

Based on the above, the Eleventh Circuit held that section 362(k)(1) permits recovery of attorney's fees incurred, not just in stopping the stay violation, **but in prosecuting a damages action and defending a damages judgment on <u>appeal</u>**. The court noted that this result makes sense in context of bankruptcy litigation, because "rather than draining limited funds in the bankruptcy estate and jeopardizing creditors' recoveries, the party wrongfully violating the automatic stay and causing the resulting damage award is the one required to shoulder these fees."

 

Respectfully submitted,

/s/ John C. Larsen_____
John C. Larsen
Attorney for the debtor/plaintiff

OF COUNSEL:

LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@larsenlaw.com

**CERTIFICATE OF SERVICE**

       The undersigned certifies that a copy of the foregoing has been served upon the following parties electronically or by depositing copies in the United States Mail, properly addressed and postage prepaid, on this the 28th day of December, 2018.

                                            /s/ John C. Larsen

G. John Dezenberg, Jr.
Dezenberg & Smith, PC
908-C North Memorial Parkway
Huntsville, AL 35801
dezlaw@bellsouth.net

Michele T. Hatcher
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602

Richard Blythe
Bankruptcy Administrator
P.O. Box 3045
Decatur, AL 35602